IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation, Plaintiff, v. JUSSIE SMOLLETT, an individual, Defendant. | Case No. 1:19-cv-04547 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Jussie Smollett hereby gives notice of removal of this civil action from the Circuit Court of Cook County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois. In support of this Notice of Removal, Defendant states as follows:

1. Plaintiff City of Chicago commenced this action by filing a Complaint in the Circuit Court of Cook County, Illinois, Law Division, on April 11, 2019, styled *City of Chicago v. Smollett*, No. 2019L003898 (the "State Court Action"). *See* Complaint, attached hereto as Exhibit A.

2. The Complaint alleges that Smollett submitted a false police report on January 29, 2019, claiming that he was the victim of a racist and homophobic beating by unknown attackers. The City also claims that in investigating Smollett's allegedly false statements and false police report, the City incurred significant costs to provide services reasonably related to Smollett's conduct. The City seeks to recover civil penalties, treble

1

damages, and attorneys' fees and costs under the Municipal Code of Chicago for the alleged false statements to the City. *See* Complaint, ¶ 1 ("Nature of the Case").

3. Smollett accepted service of the summons and Complaint in the State Court Action on June 3, 2019. *See* Notice and Acknowledgement of Receipt of Summons of Complaint and Order Setting Status Date, attached hereto as Exhibit B.

4. This Notice of Removal is timely because it is being filed within 30 days from the date that the defendant was served with the summons and Complaint. *See* 28 U.S.C. § 1446(b)(1).

## GROUNDS FOR REMOVAL

5. Removal is proper under 28 U.S.C. §§ 1332 and 1441 because there is complete diversity of citizenship between the plaintiff and the defendant and the amount in controversy exceeds $75,000. *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 933 (N.D. Ill. 2017) (removal on ground of diversity jurisdiction is proper where amount in controversy exceeded $75,000, and there was complete diversity between the parties at the time of removal).

6. The City's Complaint alleges that it is a municipal corporation organized and existing under the laws of the State of Illinois. *See* Complaint, ¶ 1 ("Parties"). Accordingly, the City is a citizen of Illinois. *See Illinois v. City of Milwaukee, Wis.*, 406 U.S. 91, 97 (1972) ("It is well settled that for the purposes of diversity of citizenship, political subdivisions are citizens of their respective States").

7. Smollett was at the time this action was commenced and continues to be a citizen of the State of California. The Complaint alleges that "at all times relevant to this Complaint, Defendant resided in the Streeterville neighborhood in Chicago, Illinois."

2

Complaint, ¶ 2. As the City's Complaint recognizes, Smollet is an actor on a television show that is primarily filmed in Chicago. *Id.* Notwithstanding his temporary residence in Chicago, Smollett is, and has been at all times relevant to the Complaint, domiciled in California.

8. The "domicile of a party to a diversity of citizenship case is the place where that individual has a true, fixed home and principal establishment, and to which, whenever that person is absent from the jurisdiction, he or she has the intention of returning." 13E Wright & Miller, FED. PRAC. & PROC. JURIS. § 3612 (3d ed.). "To determine domicile or where an individual intends to make his home, courts look for objective manifestations of intent, such as where the individual is employed and registered to vote; where he exercises civil and political rights; where he pays taxes and receives mail; the location of his bank accounts, personal property and any land he owns; and whether the individual belongs to any clubs or organizations in a particular state." *Larchmont Holdings, LLC v. N. Shore Holdings, LLC*, No. 16-CV-575-SLC, 2017 WL 213843, at *5 (W.D. Wis. Jan. 18, 2017).

9. Under these governing standards to establish domicile for diversity purposes, Smollet is domiciled in and a citizen of California. Since 1990, Smollett's permanent residence has been in Los Angeles, California. *See* Affidavit of Jussie Smollett, attached hereto as Exhibit C. Smollett currently resides in California, as he did when his attorneys accepted service of the Complaint. *Id.* Despite his temporary residence in Chicago for filming, he intended to return to his permanent residence in California at all times relevant to the Complaint. *Id.* He is employed under contract executed and based in Los Angeles, California. *Id.* He is registered to vote in California. *Id.* He pays income and

property taxes to the State of California. *Id.* He receives mail at his home in California. *Id.* His bank accounts and personal property are located in California. *Id.*

10. Accordingly, there is complete diversity in this action because the City of Chicago is an Illinois citizen and Smollett is a California citizen.

11. The amount in controversy in this matter is in excess of the $75,000 threshold, exclusive of interests and costs, under 28 U.S.C. § 1332(a). The City's Complaint seeks, *inter alia*, trebled damages based on the costs the City purportedly incurred based on Smollett's allegedly false statements, including but not limited to $130,106.15 in Chicago Police Department overtime pay. Accordingly, the amount in controversy is satisfied for the Court's jurisdiction.

**COMPLIANCE WITH REMOVAL PROCEDURES**

12. Smollett has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446.

13. Notice of this Removal is being provided to plaintiff, through its attorneys of record, Mark A. Flessner and Elie T. Zenner, City of Chicago, Department of Law, Affirmative Litigation Division, 121 N. LaSalle Street, Suite 600, Chicago, Illinois 60602, and the Circuit Court of Cook County, Illinois.

14. Pursuant to Section 1446(d), a copy of this Notice of Removal will be filed with the Circuit Court of Cook County, in Case No. 2019L003898.

15. A copy of all process, pleadings and orders served on the defendant is attached hereto.

**WHEREFORE,** for the foregoing reasons, Smollett removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern

District of Illinois, Eastern Division, and respectfully requests that the Court exercise jurisdiction over this action.

                                  Respectfully submitted,

                                  JUSSIE SMOLLETT

                                /s/ William J. Quinlan
                                One of his attorneys

Date: July 3, 2019

William J. Quinlan
David E. Hutchinson
THE QUINLAN LAW FIRM, LLC
233 South Wacker Drive, 61st Floor
Chicago, Illinois 60606
Tel: (312) 883-5500
Fax: (312) 971-1070