IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation, <br><br> Plaintiff, <br><br> v. <br><br> JUSSIE SMOLLETT, an individual, <br><br> Defendant. | Case No. 1:19-cv-04547 |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COMES Defendant Jussie Smollett ("Defendant" or "Smollett"), by and through undersigned counsel, to move this Court for an order dismissing Plaintiff City of Chicago's Complaint under Federal Rule of Civil Procedure 12(b)(6). In support of this motion, the Defendant states as follows:

1. The City's Complaint includes two counts for relief. In Count 1 the City alleges that Defendant made false statements in violation of the Municipal Code of Chicago ("MCC") False Statements Ordinance ("FSO"), § 1-21-010. In Count 2 the City alleges that under the MCC Cost Recovery Ordinance ("CRO"), § 1-20-020, the City is entitled to recover costs of necessary services the City that are reasonably related to Defendant's alleged violation of the FSO.

2. Count 1 should be dismissed under Rule 12(b)(6) because the Complaint fails to adequately allege causation because the allegations do not establish that the damages sought by the City—including but not limited to overtime compensation paid by the City—were a foreseeable result of the alleged false statements by Defendant. In

1

addition to inadequately pleading causation, Count 1 should be dismissed because it fails to allege its claim with particularity as required under Federal Rule of Civil Procedure 9(b).

3. Count 2 of the Complaint should also be dismissed under Rule 12(b)(6) because the Complaint does not allege that any services provided were necessary or reasonably related to the alleged violation of the FSO, nor does it allege any causal link from Defendant's statements to the costs incurred by the City. This deficient pleading as to both causation and damages warrants dismissal for failure to state a claim. Count 2 should also be dismissed because the City can only prevail under the CRO if it succeeds on its claim under the FSO in Count 1, and the CRO seeks impermissible double recovery of the remedial damages sought in Count 1.

WHEREFORE, and for the reasons stated in Defendant's Memorandum in Support of his Rule 12(b)(6) Motion to Dismiss, the Court should dismiss Plaintiff's Complaint in its entirety, with prejudice, and enter any other relief that the Court deems fair and just.

                                                Respectfully submitted,

Date: August 5, 2019             /s/ William J. Quinlan
                                               William J. Quinlan
                                               David E. Hutchinson
                                               THE QUINLAN LAW FIRM, LLC
                                               233 South Wacker Drive, 61st Floor
                                               Chicago, Illinois 60606
                                               (312) 883-5500
                                               wjq@quinlanfirm.com
                                               dhutchinson@quinlanfirm.com

                                               *Attorneys for Defendant Jussie Smollett*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants in this case.

/s/ Nicole Griesbach