IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| City of Chicago, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:19-cv-04547 |
| v. | ) |
| | ) Hon. Virginia Kendall |
| Jussie Smollett, | ) |
| | ) |
| Defendant. | ) |

**JOINT INITIAL STATUS REPORT**

Pursuant to the Court's Order dated July 12, 2019 (ECF No. 11), Plaintiff City of Chicago (the "City") and Defendant Jussie Smollett ("Defendant") submit this Joint Initial Status Report.

1. **The attorneys of record for each party including the attorney(s) expected to try the case:**

| Attorneys for the City: | Attorneys for Defendant: |
|---|---|
| Renai S. Rodney<br>Elie T. Zenner<br>City of Chicago Department of Law<br>121 N. LaSalle, Room 600<br>Chicago, IL 60602 | William J. Quinlan<br>David E. Hutchinson<br>The Quinlan Law Firm, LLC<br>233 South Wacker Drive, 61st Floor<br>Chicago, IL 60606 |

2. **The basis for federal jurisdiction:**

Defendant removed this case from state court based on diversity jurisdiction under 28 U.S.C. § 1332(a).

3. **The nature of the claims asserted in the complaint and any expected counterclaim:**

The complaint alleges that Defendant violated the City's false claims and cost recovery ordinances by submitting a false report to the Chicago Police Department. Defendant told police that he was the victim of a racist and homophobic beating by unknown attackers, but the

1

complaint alleges that Defendant knew his attackers and orchestrated the purported attack himself. The City contends that it expended significant resources responding to Defendant's allegedly false statements, including $130,106 in Chicago Police Department overtime pay. The City seeks civil penalties, treble damages, costs, and other relief.

Defendant contemplates filing an action against the City of Chicago and / or its agents for their conduct underlying the arrest and their conduct thereafter including constitutional claims and state law claims. Defendant reserves the right to bring such claims at the appropriate time provided by law.

**4. The name of any party not yet served:**

None.

**5. The principal legal issues:**

The City maintains that the principal legal issues include whether Defendant violated the City's false statements and/or cost recovery ordinances.

Defendant has moved to dismiss the City's complaint for failure to state a claim. Defendant argues that the complaint inadequately pleads causation, that Count 1 under the City's false statements ordinance violates Fed. R. Civ. P. 9(b), and that Count 2 under the City's cost recovery ordinance is impermissibly duplicative of Count 1.

**6. The principal factual issues**

The principal factual issues include whether Defendant submitted a false police report and, if so, the extent of any resulting costs incurred by the City.

**7. Whether a jury trial is expected by either party:**

Yes.

**8. A short description of any discovery undertaken to date and any anticipated in the future:**

No discovery has occurred to date. The City anticipates serving written discovery and taking a limited number of depositions. Defendant anticipates serving written discovery and taking a reasonable number of depositions to be determined based on the City's disclosures and the City's responses to Defendant's written discovery requests. The parties also anticipate that discovery will encompass electronically stored information (ESI). The parties will discuss the timing and scope of any ESI production, and the costs associated therewith.

**9. An agreed discovery proposal including whether expert discovery will be required:**

The parties agree on the following discovery proposal:

- Initial disclosures within 30 days after Defendant answers the complaint;
- Written discovery to be completed within 90 days after the deadline for exchange initial disclosures;
- Depositions to be completed within 90 days after the deadline for written discovery.

The parties do not expect expert discovery to be required.

**10. The earliest date the parties will be ready for trial and the length of the trial:**

The parties estimate that the earliest the case will be ready for trial is June 2020, which is approximately eight months after the hearing date on Defendant's motion to dismiss. The parties estimate that the case will take two to three days to complete.

**11. Whether the parties unanimously consent to proceed before the Magistrate Judge:**

The parties do not unanimously consent to proceeding before the Magistrate Judge.

**12. The status of any settlement discussions and whether the parties request a Settlement Conference:**

The parties engaged in settlement discussions, but those discussions are not ongoing.

The parties do not request a settlement conference at this time.

Dated: August 15, 2019                                   Respectfully submitted,

/s/ Renai S. Rodney                                      /s/ William J. Quinlan
Renai S. Rodney                                          William J. Quinlan

| | |
|---|---|
| Elie T. Zenner<br>City of Chicago Department of Law<br>121 North LaSalle Street, Room 600<br>Chicago, IL 60602<br>312-744-6076<br>renai.rodney@cityofchicago.org<br>elie.zenner@cityofchicago.org<br><br>*Attorneys for Plaintiff City of Chicago* | David E. Hutchinson<br>The Quinlan Law Firm, LLC<br>233 South Wacker Drive, 61st Floor<br>Chicago, IL 60606<br>312-883-5500<br>wjq@quinlanfirm.com<br>dhutchinson@quinlanfirm.com<br><br>*Attorneys for Defendant Jussie Smollett* |

**CERTIFICATE OF SERVICE**

I certify that on August 15, 2019, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois using the Court's CM/ECF system, which will automatically send notification of this filing to all counsel of record.

/s/ Elie T. Zenner