```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

CITY OF CHICAGO,                 )  Docket No. 19 C 04547
                                 )
              Plaintiff,         )  Chicago, Illinois
                                 )  August 20, 2019
         v.                      )  9:20 a.m.
                                 )
JUSSIE SMOLLETT,                 )
                                 )
              Defendant.         )


     TRANSCRIPT OF PROCEEDINGS - Initial Status Hearing
        BEFORE THE HONORABLE VIRGINIA M. KENDALL


APPEARANCES:

For the Plaintiff:      CITY OF CHICAGO - DEPT. OF LAW by
                        MS. RENAE SCHERRI RODNEY
                        MR. ELIE THOMAS ZENNER
                        121 North LaSalle Street, Room 600
                        Chicago, Illinois  60602

For the Defendant:      THE QUINLAN LAW FIRM LLC by
                        MR. WILLIAM JOHN QUINLAN
                        MR. DAVID EDWARD HUTCHINSON
                        233 South Wacker drive, Suite 6142
                        Chicago, Illinois  60606




Court Reporter:         GAYLE A. McGUIGAN, CSR, RMR, CRR
                        Federal Official Court Reporter
                        219 South Dearborn, Room 2318-A
                        Chicago, Illinois 60604
                        (312) 435-6047
                        Gayle_McGuigan@ilnd.uscourts.gov
```

1        (Proceedings heard in open court:)
2            THE CLERK:  19 C 4547, City of Chicago versus
3    Smollett.
4            MR. QUINLAN:  Good morning, your Honor.
5            MS. RODNEY:  Good morning, your Honor.  Renai Rodney
6    on behalf of the plaintiff.
7            THE COURT:  Renai Rodney?  Why are you -- you're in
8    the wrong place.  Did you go to the City?
9            MS. RODNEY:  I did.
10           THE COURT:  Oh, well, welcome.  Good morning.
11           MR. ZENNER:  Elie Zenner on behalf of the plaintiff.
12           THE COURT:  Good morning.
13           MR. QUINLAN:  Good morning, your Honor.  William J.
14   Quinlan and David Hutchinson on behalf of the defendants.
15           THE COURT:  But you stayed where you were.  I just got
16   confused because she was normally on the other side over here.
17           Okay, so tell me what you intend to prove, City, what
18   you intend to prove and how you're going to do it, how much
19   time you need, okay?
20           MS. RODNEY:  Yes, your Honor.
21           The City has filed a complaint alleging that the
22   defendant violated the City's False Claims and Cost Recovery
23   ordinances by submitting a false report to the Chicago Police
24   Department by alleging that he was the victim of a racist and
25   homophobic beating by unknown attackers, and the City also

1  contends that it expended significant resources responding to
2  the defendant's false allegations.
3          We -- with respect to discovery, we expect no more
4  than ten depositions, and we'll be seeking various documents in
5  discovery as well with respect to cellphone records, laptop
6  information, and things of that nature.
7          Right now, there is a pending motion to dismiss. The
8  City plans to respond to that on Monday, the 26th.
9          THE COURT: Right. I set a schedule on that already.
10         MS. RODNEY: Yes.
11         THE COURT: And I think I gave you the date for giving
12 you a ruling on that in October already, right?
13         MS. RODNEY: Right. October 20th, I believe.
14         THE COURT: Okay. All right. And I noticed in your
15 report it says that there's ESI production.
16         Is that primarily the cellphone records and the
17 computer records?
18         MR. ZENNER: Yes.
19         MS. RODNEY: Yes, your Honor.
20         THE COURT: All right. All right then.
21         What's your position?
22         MR. QUINLAN: We filed a motion to dismiss, as your
23 Honor knows.
24         THE COURT: I saw it, yes.
25         MR. QUINLAN: And in our joint status report, we laid

1   out should that -- at the point where they need to answer the
2   complaint, we would then file initial disclosures 30 days after
3   and then proceed forward with discovery.
4           THE COURT:  Okay.  So I don't mind doing that, under
5   our model plan, so you'll be able to just do your -- I'd like
6   the basic information that you can share to be turned over
7   before we get into the heavy-duty depositions and discovery
8   during the time that I'm reviewing the motion to dismiss.  But
9   anything that is controversial or complicated, just wait until
10  I rule on it so that you don't do the extra work.  And then
11  you'll get a ruling in October, and then we'll decide from
12  there.
13          Now, assuming that we go forward, the end of your fact
14  discovery will be -- I'll need my 2020 calendar -- it will be
15  February 14th, Valentine's Day.  And then February 17th -- that
16  might be President's Day.  I'm not sure.
17          MR. QUINLAN:  It is.  It is President's Day.
18          THE COURT:  It is?  Okay.  So February 18th then will
19  be the end of fact discovery status.
20          When you come back for an end of fact discovery
21  status, it's a substantive status.  It means that you need to
22  let me know whether or not you're filing a dispositive motion
23  and as to what issue.
24          I notice in your report that it says that you don't
25  intend to have any expert discovery.  If that changes, you

1   should report on that date as to whether or not you intend to
2   have expert discovery, what type of expert, and as to what
3   issue.  So this is a real fulsome discussion.  It's not just a
4   place card holder.
5           Meanwhile, I'm going to give you an interim date of
6   November 1st for you to contact my courtroom deputy, inform her
7   as to whether you want to have a referral to the magistrate
8   judge.
9           Who is our magistrate here?
10          THE CLERK:  Judge Harjani.
11          THE COURT:  Oh, the new magistrate judge.  Okay.
12          So -- and if you want to have that for a settlement
13  conference only, you need to call her, let her know.  She'll
14  put it on the docket.  If you don't want a settlement
15  conference -- both sides have to agree.  If you don't want it,
16  it just goes in as a phone call that you don't want it.  But
17  it's to prevent us from delay.  Okay?
18          And then any discovery disputes come directly to me on
19  my motion call.  I'm not referring discovery or anything like
20  that.
21          Any questions?
22          MR. QUINLAN:  The status hearing on the 22nd of
23  October, that still stands?
24          THE COURT:  It stands, right.  That will be for my
25  review of your motion to dismiss, which they haven't responded

1    to yet, but they have a date.  And then you have a reply.
2    Okay?
3              MR. QUINLAN:  Understood.
4              THE COURT:  Any other dates or problems, issues?
5       (No affirmative response.)
6              THE COURT:  Okay.  Have a great day.
7              MR. QUINLAN:  Thank you, your Honor.  Thanks for
8    taking the time.
9         (Proceedings concluded at 9:25 a.m.)
10                    C E R T I F I C A T E
11      I certify that the foregoing is a correct transcript of the
12   record of proceedings in the above-entitled matter.
13
14
     */s/ GAYLE A. McGUIGAN*                         *August 29, 2019*
15   Gayle A. McGuigan, CSR, RMR, CRR                      Date
     Official Court Reporter