**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CITY OF CHICAGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:19-cv-04547 |
| v. | ) | |
| | ) | Honorable Virginia M. Kendall |
| JUSSIE SMOLLETT, | ) | |
| | ) | |
| Defendant. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| JUSSIE SMOLLETT, | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, MICHAEL THEIS, | ) | |
| EDWARD WODNICKI, EDDIE JOHNSON, | ) | |
| JOHN and JANE DOE DEFENDANTS 1-10, | ) | |
| ABIMBOLA OSUNDAIRO, and OLABINJO, | ) | |
| OSUNDAIRO | ) | |
| | ) | |
| Counterclaim-Defendants. | ) | |

**PLAINTIFF/COUNTERCLAIM-DEFENDANT CITY OF CHICAGO'S MOTION TO
QUASH DEFENDANT/COUNTERCLAIM-PLAINTIFF JUSSIE SMOLLETT'S
SUBPOENA, OR IN THE ALTERNATIVE TO TREAT IT AS A REQUEST FOR
<u>PRODUCTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 34</u>**

On January 17, 2020, pursuant to Federal Rule of Civil Procedure 45, Defendant/Counterclaim-Plaintiff Jussie Smollett ("Smollett") served a subpoena on the City of Chicago Office of Inspector General ("OIG") in which he requested a broad array of material potentially related to a Counterclaim-Defendant, former CPD Superintendent Eddie Johnson. *See*

1

OIG Subpoena attached as Exhibit A. The OIG, however, is an office of the City of Chicago ("the City"). Muni. Code of Chicago § 2-56-010. Because the City is a plaintiff and counterclaim-defendant in this litigation, Smollett should have requested the documents in a Rule 34 request for production from a party. The City consulted with Smollett's counsel about withdrawing his subpoena and reissuing it as a Rule 34 request; however, the parties were unable to come to an agreement.

To allow Smollett to make an end-run around Rule 34 (and its 30-day deadline to respond) by issuing subpoenas to parties under Rule 45 would render Rule 34 a nullity. Therefore, the City respectfully requests that the Court quash Smollett's subpoena and order him to re-issue his request pursuant to Rule 34. Alternatively, the City requests that the Court treat the subpoena as a Rule 34 document request. Finally, the City requests that it be ordered to formally object and respond to Smollett's requests within 30 days from the date of the Court's order.

## I.  **Background**

On January 17, 2020, Smollett issued a subpoena *duces tecum* to the OIG, which is an office of the City of Chicago. In it, he requested the following documents pertaining to former CPD superintendent Eddie Johnson be provided within 14 days:

> 1. Any and all Documents or Communications relating in any way to Your Investigation(s) regarding former Chicago Police Department Superintendent Eddie Johnson's conduct in connection with when he was found asleep in his running vehicle at a stop sign on October 17, 2019, at approximately 12:30 a.m.
>
> 2. Any and all Documents or Communications which demonstrate or discuss that Eddie Johnson was untruthful or misleading in any statement, including his statements to the public, statements to the Inspector General, and/or statements to the City of Chicago.
>
> 3. Any and all Documents or Communications, demonstrating that evidence in the Investigation(s) regarding Eddie Johnson was destroyed, altered, or tampered with, and that Eddie Johnson (or other CPD employees) were aware or participated in the destruction, alteration, or manipulation of any evidence.

2

4. Any and all documents that demonstrate the costs incurred by the City of Chicago in the Investigation(s) regarding Eddie Johnson and any steps by the City of Chicago to recover those costs.

5. Any and all Documents or Communications, including phone records, between You and any Person or entity relating to Eddie Johnson.

6. Any and all Documents and Communications, including recordings, transcriptions, or notes, regarding any interview, questioning, or interrogation of any Person conducted in relation to Your Investigation(s) regarding Eddie Johnson.

7. Any and all subpoenas issued relating in any way to Your Investigation(s) regarding Eddie Johnson.

Ex. A.

After receiving the subpoena, pursuant to Local Rule 37.2, the City's attorneys contacted Smollett's counsel by email and phone seeking that he withdraw the subpoena and convert it to a Rule 34 request for production because the OIG is an office of the City of Chicago, and thus a party to this lawsuit. On January 27, 2020, Smollett's counsel informed the City's attorneys of his decision to keep the subpoena in place but have it returnable on February 10, an extension of ten days from the date listed on the subpoena. *See* Ex. A. It should be noted that if the subpoena were properly issued as a Rule 34 document request, the City would have had 30 days to respond to it, or until February 18, 2020 (the next business day). Despite what initially appeared to be room for compromise, the parties were unable to come to an agreement, necessitating the instant motion.

## II. **Argument**

This Court has broad discretion under Rule 45 to quash or modify a subpoena, including on the grounds that the subpoena fails to allow a reasonable time to comply. Fed. R. Civ. P. 45(d)(3). It also has "the inherent authority to manage and oversee the discovery process." *Costello v. Poisella*, 291 F.R.D. 224, 230 (N.D. Ill. 2013) (internal quotations and citations omitted); *Snyder v. City of Chi.*, No. 15 C 1160, 2016 WL 7049054, at *2 (N.D. Ill. Dec. 5, 2016) (same). Here, as

explained below, Smollett's subpoena to OIG was improper: it should have taken the form of a discovery request.

### a. Requests for Documents from Parties Should Take the Form of a Rule 34 Request for Production.

By its plain language, Rule 34 governs requests for production to parties involved in litigation—and Smollett should have followed this rule in issuing his document requests. *See* Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b) . . .."). Rule 34 sets forth a detailed procedure for parties to respond to such requests, including the provision of a 30-day timeframe in which to respond. *Id.* at 34(b)(2). Rule 34(c) makes plain that Rule 45—not Rule 34—governs document requests to non-parties: "(c) NONPARTIES. As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Similarly, Rule 45 provides its own framework for nonparties to produce documents in response to subpoenas. Unlike Rule 34, which uses the term "parties" in describing to whom the Rule applies, Rule 45 repeatedly uses the term "persons" in describing to whom its provisions apply. *See* Fed. R. Civ. P. 45(a)(1)(D) & 45(c)(2).[1]

Recent district court decisions explain that Rule 34 is the appropriate device to obtain documents from parties. Indeed, in an alleged police misconduct case in which the plaintiff subpoenaed the Independent Police Review Authority ("IPRA") for documents, the defendant, the City of Chicago, contended that the request should have taken the form of a Rule 34 request because the IPRA is a City entity. The district court decided the motion on other grounds but explained, "Federal Rule of Civil Procedure 45 governs subpoenas, which are typically directed to

---

[1] It is true that Rule 45 may be used to compel the attendance of certain parties at trial, *e.g., McGill v. Duckworth*, 944 F.2d 344, 353 (7th Cir. 1991), overruled on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994)), but that analysis is not applicable here because Plaintiff's subpoena is one for *duces tecum* only.

4

nonparties, while Rule 34 governs requests for production of documents and tangible things directed to a party." *Young v. City of Chi.*, 13 C 5651, 2017 WL 25170, at *3 (N.D. Ill. Jan. 3, 2017) (internal citations omitted). The court also pointed out that "[t]hough the rules do not say so expressly, a subpoena is not necessary if the person [from whom documents are sought] is a party." *Id.* (internal citations and quotations omitted). The court in *Young* further stated that in light of the Municipal Code of Chicago and affidavits from IPRA stating that it was a department of the City, "all of this provides some reason to think that Plaintiff's subpoena to IPRA was in substance a request for production of documents directed to the City of Chicago." *Id.* at *4.

Other decisions in this District also note that Rule 34 is the proper vehicle for securing documents from parties, whereas Rule 45 governs the securing of documents from non-parties. *See e.g.*, *Galiot v. Midwest Tennis Programs, LLC*, 17 C 4739, 2017 WL 5585625, at *3 (N.D. Ill. Nov. 20, 2017) (finding "to the extent FSTC (dissolved for more than five years) has the ability to respond to discovery, it will be required to do so whether a party (subject to discovery requests under Rules 30, 33 and 34, for example) or a non-party (subject to discovery requests pursuant to a Rule 45 subpoena)"); *DeGeer v. Gillis*, 755 F. Supp. 2d 909, 924 (N.D. Ill. 2010) ("The non-party witness is subject to the same scope of discovery under [Rule 45] as that person would be as a party to whom a request is addressed pursuant to Rule 34.") (quoting Advisory Committee Notes, 1991 Amendments to Fed. R. Civ. P. 45).

Applying these principles, courts regularly quash subpoenas that should have been served as requests for production to a party. In *Stokes v. Xerox Corp.*, 05-CV-71683-DT, 2006 WL 6686584, at *3 (E.D. Mich. Oct. 5, 2006), for example, the court quashed a subpoena *duces tecum* directed to a party and explained:

"Although Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in

circumvention of discovery rules or orders. Discovery from a party, as distinct from a nonparty, is governed by Rule 34, not Rule 45."

(internal citations omitted). The court concluded that "the majority view is that a party should not be permitted to circumvent the requirements and protections of Rule 34 by proceeding under Rule 45 for the production of documents belonging to a party." *Id.*; *see also Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000) (quashing subpoena to party's expert, who party controlled, in part because "discovery of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45.") (internal citation omitted); *Thornton v. Crazy Horse, Inc.*, No. 3:06-CV-00251-TMB, 2012 WL 13032922, at *2–3 (D. Alaska Jan. 3, 2012) (quashing Rule 45 trial subpoena requesting documents from plaintiff because the information could have been obtained in discovery and a subpoena "may not be used to circumvent" discovery rules and deadlines); *Hatcher v. Precoat Metals*, 271 F.R.D. 674, 676 (N.D. Ala. 2010) (quashing Rule 45 subpoena because request for documents should have been served under Rule 34 during discovery).

**b. Plaintiff's Subpoena Would Result in Rule 45 Being Circumvented.**

In this case, requiring the OIG to respond to Smollett's subpoena would indeed frustrate Rule 34. The parties are still in the discovery phase, and no trial date has been set. Critically, Rule 34 provides 30 days to respond to request, whereas Rule 45 provides only 14 days. Were Smollett's subpoena be allowed to stand, parties in this district would be free to ignore Rule 34 altogether, and simply issue subpoenas under Rule 45 using shorter deadlines. Courts regularly reject this practice and quash subpoenas parties use to circumvent Rule 34's response deadlines. *See, e.g.*, *Olmstead v. Fentress Cty., Tenn.*, No. 2:16-CV-00046, 2018 WL 6198428, at *4 (M.D. Tenn. Nov. 28, 2018) (quashing subpoena to party that "would reduce the period of compliance in less than the thirty-day period provided by" Rule 34); *Parra v. State Farm Lloyds*, No. 7:14-CV-691, 2015

WL 12940023, at *1 (S.D. Tex. Jan. 13, 2015) (same, reasoning that, with respect to an inter-party subpoena, a "reasonable time to comply" is generally the thirty days set out in Rule 34(b)(2)(A)).

Even in those jurisdictions that have held that a subpoena can be issued to a named party, the courts caution that subpoenas should not be permitted when the result would be to circumvent Rule 34 or other discovery rules. *Id.; see also United States v. 2121 Celeste Road*, 307 F.R.D. 572, 588 (D.N.M. 2015). Consistent with that admonition, the treatises upon which decisions such as *2121 Celeste* rely hold that Rule 45 may be used by parties against other parties <u>when securing documents for trial</u>. *Id.* ("*Moore's Federal Practice* states that rule 45 'may be used to subpoena any person—party or nonparty—to produce books, documents, or tangible things at trial.'") That is simply not an issue here; the parties are in the midst of discovery, and no trial date has been set. Therefore, any use of Rule 45 here would run into direct conflict with Rule 34 and frustrate the discovery process.

Finally, Smollett cannot provide any reasonable explanation as to why a Rule 45 subpoena is somehow necessary here. Rule 34 and Rule 45 contemplate the same scope of discovery, *DeGeer*, 755 F. Supp. 2d at 924, so there is simply no basis in the Rules for Smollett to cast aside Rule 34. The OIG is an office of the City and the City's response will be the same whether Smollett's request comes through Rule 45 or Rule 34, as is required. This Court should quash the subpoena, or in the alternative, order that it be treated as a Request for Production under Rule 34.

## III.    <u>Conclusion</u>

Smollett's subpoena seeks an impermissible end-run around Rule 34. For the reasons stated herein, the City respectfully requests that the Court quash it, and order him to re-issue his request pursuant to Rule 34. Alternatively, the City requests that the Court treat the subpoena as a

document request pursuant to Rule 34. Finally, the City seeks that it be ordered to formally object

and respond to Smollett's requests within 30 days from the date of the Court's order.


Dated: January 29, 2020             Respectfully submitted,

                                          /s/ *Renai S. Rodney*

                                          Renai S. Rodney

                                          Elie T. Zenner

                                          Jennifer K. Bagby

                                          City of Chicago Department of Law

                                          121 North LaSalle Street, Room 600

                                          Chicago, IL 60602

                                          312-744-0200

                                          renai.rodney@cityofchicago.org

                                          elie.zenner@cityofchicago.org

                                          jennifer.bagby@cityofchicago.org

                                          *Attorneys for Plaintiff City of Chicago*

8

**CERTIFICATE OF SERVICE**

I certify that on January 29, 2020, I electronically filed the foregoing with the Clerk of the

United States District Court for the Northern District of Illinois using the Court's CM/ECF system,

which will automatically send notification of this filing to all counsel of record.

/s/ Elie T. Zenner