IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO,<br><br>    Plaintiff,<br><br>    v.<br><br>JUSSIE SMOLLETT,<br><br>    Defendant.<br><br>JUSSIE SMOLLETT,<br><br>    Counterclaim-Plaintiff,<br><br>    v.<br><br>CITY OF CHICAGO, MICHAEL THEIS, EDWARD WODNICKI, EDDIE JOHNSON, JOHN and JANE DOE DEFENDANTS 1-10, ABIMBOLA OSUNDAIRO, and OLABINJO, OSUNDAIRO<br><br>    Counterclaim-Defendants. | Case No. 1:19-cv-04547<br><br>Honorable Virginia M. Kendall |

### THE OSUNDAIRO'S MOTION TO DISMISS JUSSIE SMOLLET'S COUNTERCLAIMS

NOW COMES Counterclaim-Defendants Olabinjo Osundairo and Abimbola Osundairo (collectively "the Brothers"), by and through their attorney, Gloria Virginia Schmidt Rodriguez, hereby moves this Honorable Court for an order dismissing Counterclaim-Plaintiff Jussie Smollett's ("Smollett") Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, the Brothers respectfully state the following:

1. Smollett alleges one count of malicious prosecution against the Brothers pursuant to Illinois state law. The remainder of Smollett's counterclaim does not apply to the Brothers.

2. This Honorable Court must consider whether Smollett has sufficiently plead a claim for which relief can be granted. The claim he alleges is based upon the underlying criminal case that the People of the State of Illinois sought against Smollett in Cook County in February 2019 (See Cook County Case #19-110327101). In that case Smollett was indicted for 16 counts of felony disorderly conduct for making a false police report surrounding a claim that he was the victim of a hate crime. *Id.*

3. The Court must consider the elements of Illinois law for malicious prosecution, which is a common law tort in Illinois that has been refined throughout the decades through caselaw. As the law in its current form states, the elements needed to prove malicious prosecution require the complainant or plaintiff to allege the following: "(1) the defendant commenced or continued a criminal proceeding against him, (2) the proceeding was terminated in his favor, (3) there was no probable cause for the proceeding, (4) the defendant acted maliciously, and (5) he was damaged by the proceeding." *Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996).

4. No facts exist that can ever be established where Smollett meets any of the elements required for a malicious prosecution claim. Smollett's counterclaim against the Brothers cannot accordingly survive a motion for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), and therefore this Court must dismiss his counterclaim against the Brothers with prejudice.

This portion left intentionally blank.

WHEREFORE, and for the reasons stated in the accompanying Memorandum in Support of its Rule 12(b)(6) Motion to Dismiss, the Court must dismiss Smollett's Counterclaims in their entirety, and as particularly against the Brothers, with prejudice, and enter any other relief that the Court deems fair and just in light of the facts and circumstances.

Dated: January 29, 2020  Respectfully submitted,

/s/ Gloria V. Schmidt Rodriguez
The Gloria Law Group
9 N County, Suite 202
Waukegan, IL 60085
Office: (847) 672 – 8888
Email: gloria@gloriaslaw.com
*Attorney for the Osundairo Brothers*

## CERTIFICATE OF SERVICE

I certify that on January 29, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois using the Court's CM/ECF system, which will automatically send notification of this filing to all counsel of record.

/s/ Gloria V. Schmidt Rodriguez