IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUSSIE SMOLLETT, an individual,<br><br>Defendant.<br><br>―――――――――――――――――<br><br>JUSSIE SMOLLETT,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, MICHAEL THEIS, EDWARD WODNICKI, EDDIE JOHNSON, JOHN and JANE DOE DEFENDANTS 1-10, ABIMBOLA OSUNDAIRO, and OLABINJO OSUNDAIRO<br><br>Counterclaim-Defendants. | Case No. 1:19-cv-04547 |

**RESPONSE TO THE CITY OF CHICAGO'S MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE TO TREAT IT AS A REQUEST FOR PRODUCTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 34**

Defendant/Counterclaim-Plaintiff Jussie Smollett, by and through his attorneys, The Quinlan Law Firm LLC, hereby respectfully submits this brief response in opposition to the Plaintiff/Counterclaim-Defendant City of Chicago's motion to quash Mr. Smollett's subpoena served on the City of Chicago Office of Inspector General ("OIG"), or in the alternative to treat it as a request for production under Federal Rule of Civil Procedure 34 ("Motion to Quash"), and states as follows:

1

**INTRODUCTION**

The City of Chicago's Motion to Quash raises a procedural objection to Mr. Smollett's Rule 45 subpoena to the OIG, arguing that it should instead have been document requests to the City under Rule 34 because the OIG is part of the City.[1] In its argument, the City elides over certain key facts establishing either that a Rule 45 subpoena on the OIG is necessary here or, alternatively, that Mr. Smollett's subpoena to the OIG is a non-issue. *First*, the City does not address the fact that the OIG is an independent office within the City of Chicago. Therefore, unlike other City departments and offices, there is a question of whether the OIG documents requested by Mr. Smollett's subpoena are not, by ordinance, within the City's possession, custody, or control, which necessitates the subpoena. The City has not answered that question. *Second*, if the City does have possession, custody, or control of the OIG documents, then the documents sought in Mr. Smollett's OIG subpoena should be produced by the City in response to Mr. Smollett's requests for production of documents served on the City, with responses due on February 10, 2020. Since the City has not confirmed that it has the OIG documents to produce, Mr. Smollett proposed leaving the subpoena in place but having it returnable on the same day as the response to Mr. Smollett's document requests. That compromise gives the City the benefit of the doubt regarding whether they possess the OIG documents to produce, while sparing Mr. Smollett from withdrawing the subpoena, issuing the document requests to the City, and then only starting again with a subpoena if the OIG will not turn over the documents to the City for production to Mr. Smollett. Accordingly, Mr. Smollett's subpoena to the OIG is either necessary or a non-issue, and so the Motion to Quash should be denied.

---

[1] Notably, the City does not dispute that the information requested is relevant, as it at least bears directly on Defendant Eddie Johnson's character for truthfulness or untruthfulness. In fact, the City has served an analogous Rule 45 subpoena on the Federal Bureau of Investigation for documents and communications relating to Mr. Smollett.

**BACKGROUND**

The "OIG is an independent, non-partisan watchdog for the taxpayers of the City." OIG, About Us, https://igchicago.org/about-the-office/ (last visited Feb. 7, 2020). The OIG exists to investigate misconduct, inefficiency, and waste within the City government. *See* Municipal Code of Chicago ("MCC") § 2-56-030 (Inspector general – Powers and duties). By City ordinance, the OIG shall keep its investigative files or reports confidential and shall only divulged them to the United States Attorney, the Illinois Attorney General, or the State's Attorney of Cook County. MCC § 2-56-110 (Files and reports confidential). The ordinance does not authorize the OIG to share its investigative files and reports with the City.

Recognizing that these provisions wall-off the OIG from the City, Mr. Smollett propounded document requests to the City, under Rule 34, on January 10, 2020, and shortly thereafter served a subpoena *duces tecum* on the OIG, under Rule 45, on January 17, 2020. In his document requests to the City, Mr. Smollett requested, *inter alia*, "[a]ny and all Documents relating to or supporting Chicago Mayor Lori Lightfoot's statement from December 2, 2019, that Eddie Johnson 'engaged in a series of ethical lapses that are intolerable' and 'was intentionally dishonest.'" (Defendant/Counterclaim-Plaintiff Jussie Smollett's First Set of Document Requests to the City of Chicago, at 7, attached hereto as Exhibit A.) The OIG subpoena enumerated several categories of documents that fall under the requests to the City (Motion to Quash, Ex. A), but needed to be issued directly to the OIG in light of § 2-56-110, which does not allow OIG to divulge its investigative files to the City.

After Mr. Smollett served the subpoena on OIG, the City's counsel conferred with Mr. Smollett's counsel regarding the OIG subpoena. Mr. Smollett's counsel explained that notwithstanding the fact that the OIG is organized as part of the City government, the independent organization of the OIG indicates that the City does not have possession, custody, or control of the OIG's documents and communications. In response, the City's counsel did not confirm that the City had the requested documents; instead, the City simply stated that the response to a subpoena

3

to OIG would be the same as a response to document requests to the City. (*See* January 27, 2020, Email from D. Hutchinson to E. Zenner and R. Rodney, attached hereto as Exhibit B.) In light of the impending cut-off date for fact discovery, Mr. Smollett's counsel explained to the City that Mr. Smollett is trying to avoid withdrawing the subpoena, issuing document requests, and then only discovering in connection with the response to the document requests that the OIG will not provide the documents to the City under § 2-56-110 or some other provision, leaving Mr. Smollett to need to start over with a subpoena several weeks from now. (*Id.*)

The City's circumspect response to Mr. Smollett's counsel's explanation for the OIG subpoena did not obviate the subpoena, and so Mr. Smollett's counsel proposed leaving the subpoena in place but have it returnable on February 10, 2020, subject to withdrawing it at that point if the City can, in fact, produce the OIG documents. (*Id.*) That proposal was predicated on the fact that the information sought in the OIG subpoena should fall under Mr. Smollett's requests for production to the City, the responses to which are due on February 10. (*Id.*; Ex. A.) If the City is correct, and it is able to produce the OIG documents pursuant to Mr. Smollett's requests for production on February 10, then the OIG subpoena will be moot and withdrawn.

**ARGUMENT**

"Rule 34 has to do with production of documents and things in the possession, custody or control of a party, while Rule 45 (Subpoena) deals with production of books, papers, documents, or tangible things in the possession or under the control of a party or a third person." *United States v. E. I. Du Pont De Nemours & Co.*, 14 F.R.D. 341, 343 (N.D. Ill. 1953) (internal quotations and citations omitted). The crux of the matter at hand is whether the City is in possession, custody, or control of the documents and communications sought in the OIG subpoena. Despite the parties' efforts to address the City's objection to the OIG subpoena through the meet-and-confer process, the City has not confirmed that the documents sought in the OIG subpoena are within its possession, custody, or control.

While the OIG is part of the City government, the MCC establishes the OIG as an independent office that is not permitted to provide its documents and communications to the City.

4

Under § 2-56-110, "all investigatory files and reports of the office of inspector general shall be confidential and *shall not be divulged to any person or agency*, except to the United States Attorney, the Illinois Attorney General or the State's Attorney of Cook County . . . ." MCC § 2-56-110 (emphasis added). That ordinance appears to prevent the OIG from divulging its documents and communications to the City. It also suggest that the OIG's documents and communications are not in the City's possession, custody, or control. It is reasonable to infer that the City does not have possession, custody, or control of the OIG's documents and communications, not just under the confidentiality ordinance, but also because the OIG's mandate is to investigate misconduct, inefficiency, and waste within the City government. *See* MCC § 2-56-030. Despite having had ample opportunity to do so, the City has not confirmed that it has possession, custody, or control of the OIG documents and communications. Consequently, Mr. Smollett's Rule 45 subpoena to the OIG is the appropriate procedure to obtain the OIG's documents and communications, notwithstanding its establishment within the City government.

In addition, Mr. Smollett's subpoena to the OIG does not seek to circumvent Rule 34. Giving the City the benefit of the doubt, Mr. Smollett has already agreed to allow to continue the production of the OIG documents and communications until February 10, 2020, when the City's responses to Mr. Smollett's requests for production are due. If the City is correct, and it has possession, custody, or control of the OIG records, then they should be produced in response to Mr. Smollett's requests to the City for production. Mr. Smollett requested that the City produce "[a]ny and all Documents relating to or supporting Chicago Mayor Lori Lightfoot's statement from December 2, 2019, that Eddie Johnson 'engaged in a series of ethical lapses that are intolerable' and 'was intentionally dishonest.'" (Ex. A, at 7.) The OIG subpoena includes requests for documents that fall under that request to the City. If the City's timely response to Mr. Smollett's Rule 34 requests demonstrate that it has the documents and communications sought in the OIG subpoena, then the subpoena will be withdrawn.

The City's unwillingness to confirm whether the OIG documents and communications are within its possession, custody, or control leaves it ambiguous as to whether a subpoena under Rule 45 or a request for documents under Rule 34 is the appropriate mechanism to obtain the requested OIG documents and communications. If the City does not have possession, custody, or control of

5

the OIG records, then Rule 45 is appropriate for Mr. Smollett to obtain those materials. Otherwise, Mr. Smollett has already agreed to extend the City's response deadline for the OIG materials until the date when its responses to Mr. Smollett's Rule 34 requests are due, which may render the issue moot. Without clarity from the City regarding the possession, custody, or control of the OIG documents and communications, it is appropriate for Mr. Smollett not to withdraw the subpoena to ensure that he obtains the requested materials from the OIG.

## CONCLUSION

WHEREFORE, Mr. Smollett respectfully requests that the Court deny Plaintiff/Counterclaim-Defendant City of Chicago's motion to quash Mr. Smollett's subpoena served on the City of Chicago Office of Inspector General, or in the alternative to treat it as a request for production under Federal Rule of Civil Procedure 34.

Date: February 7, 2020

Respectfully submitted,

/s/ David E. Hutchinson
William J. Quinlan
David E. Hutchinson
THE QUINLAN LAW FIRM, LLC
233 South Wacker Drive, 61st Floor
Chicago, Illinois 60606
(312) 883-5500
wjq@quinlanfirm.com
dhutchinson@quinlanfirm.com
*Attorneys for Defendant /
Counterclaim-Plaintiff Jussie Smollett*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants in this case.

/s/ Nicole Griesbach