IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUSSIE SMOLLETT, an individual,<br><br>Defendant. | Case No. 1:19-cv-04547 |
| JUSSIE SMOLLETT,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, MICHAEL THEIS, EDWARD WODNICKI, EDDIE JOHNSON, JOHN and JANE DOE DEFENDANTS 1-10, ABIMBOLA OSUNDAIRO, and OLABINJO OSUNDAIRO,<br><br>Counterclaim-Defendants. | |

**RESPONSE TO THE CITY DEFENDANTS' MOTION FOR ENTRY OF A CONFIDENTIALITY ORDER**

Defendant/Counterclaim-Plaintiff Jussie Smollett, by and through his attorneys, The Quinlan Law Firm LLC, hereby respectfully submits this brief response in opposition to the motion for entry of a confidentiality order ("Motion") by Plaintiff City of Chicago ("City") and the Counterclaim-Defendants (collectively, "the City Defendants"), and states as follows:

At the outset of this matter, Mr. Smollett was opposed to any confidentiality order in the interest of transparency. In the interests of being reasonable and moving things forward, Mr. Smollett and the City Defendants' counsel negotiated a confidentiality order that would protect information prohibited from disclosure by statute and other private or personal information that has no bearing on this matter. After multiple discussions of these issues raised in the City

1

Defendants' Motion, the parties agreed to exclude language regarding the police disciplinary records and misconduct complaint files ("CR files"), while reserving the right to seek protection of those materials at a later date. (*See* January 17, 2020, Email from E. Zenner to D. Hutchinson, attached hereto as Exhibit A; and its attachment "Smollett Proposed Agreed Protective Order 1.17.20," ("Agreed Protective Order") attached hereto as Exhibit B.)

The City Defendants now argue that a confidentiality order in this matter must specifically cover disciplinary records and CR files. (*See* Mot., ¶¶ 2, 5; City Defendants' Proposed Confidentiality Order ("Proposed Confidentiality Order"), Ex. A to the Mot., ¶ 2(f)-(g).) The parties only dispute is whether category (g) and the disciplinary records in category (f) of paragraph 2 of the Proposed Confidentiality Order are warranted and necessary. The City Defendants seek to have those materials covered in the confidentiality order due to information prohibited from disclosure by statute and the burden in redacting the "extremely voluminous" disciplinary records and CR files pertaining to the police officers involved in the investigation of the attack on Mr. Smollett. (*See* Mot., ¶ 5.) Their argument unnecessarily seeks to add superfluous language to the confidentiality order and to impose an undue burden to keep public records confidential.

*First*, to the extent that the City Defendants' concern involves information in CR files that is prohibited from disclosure by statute, such information is already protected under category (a) of both the Agreed Protective Order and the Proposed Confidentiality Order. (*See* Ex. B, ¶ 2(a), protecting "information prohibited from disclosure by statute including the Illinois Freedom of Information Act (FOIA)"; Proposed Confidentiality Order, ¶ 2(a) (same).) Therefore, category (g) of the Proposed Confidentiality Order, regarding "any information contained within [CR files] that are otherwise prohibited from public disclosure by statute" is superfluous at best.[1]

*Second*, the City Defendants' contention that the disciplinary records and CR files are protected from public disclosure is incorrect as a matter of law. The City Defendants' admission that CR files "are no longer afforded blanket protection under Illinois law" is an understatement.

---

[1] Indeed, the City Defendants' counsel agreed that category (g) "may be duplicative of category (a)." (January 14, 2020, Email from E. Zenner to D. Hutchinson, attached hereto as Exhibit C.)

2

(*See* Motion, ¶ 6.) On January 10, 2020, the Circuit Court of Cook County ordered the Chicago Police Department to produce all CR files from 1967 to 2015 pursuant to a FOIA request. *See* Omnibus Order on Pending Motions, in *Green v. Chicago Police Department*, Case No. 15 CH 17646 (Cir. Ct. Cook Cty. Jan. 10, 2020), attached hereto as Exhibit D. Similarly, the City Defendants' contention that "much of the information included in disciplinary reports is non-public and protected from disclosure by statute" (Mot., ¶ 14) is misleading. The Illinois Personnel Records Review Act, 820 ILCS 40/0.01, *et seq.*, clearly shows that disciplinary records are not protected and are public records under FOIA. *See, e.g.*, 820 ILCS 40/7(1)-(4) (stating that an employer who receives a request for disciplinary records under the Freedom of Information Act shall provide written notice to the employee on or before the day the information is divulged). In sum, as a matter of law, both the CR files and disciplinary records are public records, and so it is not necessary or warranted to include them in the categories of confidential information in the confidentiality order.

*Third*, the City Defendants' remaining argument in favor of their Proposed Confidentiality Order, regarding the purported "undue burden of redacting extremely voluminous materials before producing them" (Mot., ¶ 5) is either premature or a red herring. The City Defendants have repeatedly asserted that production of the disciplinary reports and/or CR files would be "impossibly burdensome" without category (g) in the confidentiality order. (*See* Ex. C (stating that category (g) allows the City "to turn over disciplinary reports without redactions that would render production time-consuming and impossibly burdensome.") Yet the City Defendants have not indicated what the actual volume is for the disciplinary reports and CR files relevant to this case. As such, the purported burden is either speculative or premature, and not a basis to grant the Proposed Confidentiality Order. Otherwise, considering that category (a) of the Agreed Protective Order already protects information prohibited from disclosure by statute, it is unclear what additional benefit, if any, the City gains from including category (g). The apparent utility of category (g) is to invite the City Defendants to designate CR files or disciplinary reports as confidential, which would subject the parties to the burden of ensuring that public records about police misconduct and disciplinary actions are kept confidential.

Mr. Smollett's document requests for disciplinary records and CR files bear directly on both his defense to the City's claims against him and his claims against the City Defendants. Notably, all of the cases the City Defendants cite in their Motion finding good cause to designate CR files as confidential (Mot., ¶ 13) not only predate the Circuit Court's ruling in *Green*, but they also involve the City as a defendant. Here, the City is the plaintiff. As plaintiff, the City has put at issue the conduct of the police officers involved in the investigation. To the extent that the City Defendants' concern involves the disclosure of information prohibited from disclosure by statute, that information is already protected under category (a) of the Agreed Protective Order. The City Defendants' motion seeks to further designate as confidential disciplinary records and CR files, which are public records. The parties should not be subject to the burden of keeping public records confidential, particularly here where the City has put the conduct of it police officers at issue.

## **CONCLUSION**

WHEREFORE, Mr. Smollett respectfully requests that the Court deny the City Defendants' motion for entry of the confidentiality order attached to their Motion, and instead enter the confidentiality order that the parties agreed to on January 17, 2020 (Exhibit B).

Date: February 8, 2020

Respectfully submitted,

/s/ David E. Hutchinson
William J. Quinlan
David E. Hutchinson
THE QUINLAN LAW FIRM, LLC
233 South Wacker Drive, 61st Floor
Chicago, Illinois 60606
(312) 883-5500
wjq@quinlanfirm.com
dhutchinson@quinlanfirm.com
*Attorneys for Defendant /
Counterclaim-Plaintiff Jussie Smollett*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants in this case.

/s/ Nicole Griesbach