**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CITY OF CHICAGO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 1:19-cv-04547 |
| v. ) | |
| ) | Honorable Virginia M. Kendall |
| **JUSSIE SMOLLETT,** ) | Magistrate Judge Sunil R. Harjani |
| ) | |
| **Defendant.** ) | |

## **CONFIDENTIALITY AND FRE 502 (D) AND (E) CLAWBACK ORDER**

The following is ORDERED:

1. <u>Scope</u>. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. <u>Confidential Information</u>. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute, including the Illinois Freedom of Information Act (FOIA); (b) financial information that the party has maintained as confidential; (c) medical information concerning any individual (d) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (e) personal identity information, such as home addresses, phone numbers, driver's license numbers, social security numbers, dates of birth, and financial account numbers;

1

(f) employment, disciplinary, or other information that is of a sensitive or non-public nature regarding plaintiffs, defendants, non-party witnesses, and non-party employees of the City of Chicago, including but not limited to private information in personnel files, such as employment applications, performance evaluations, tax forms, requests for medical leave and the like as well as personal and family information of police officers, including residential information; and (g) any information contained within the following file materials that are otherwise prohibited from public disclosure by statute:

> Any disciplinary actions, files and attachments to such files generated by the investigation of deaths in custody, uses of deadly force, and complaints of misconduct by Chicago police officers (generally referred to as "Log Number" files, "Complaint Register" (CR) files, "Universal" (U) files, or "Extraordinary Occurrence" (EO) files, or "Non-Disciplinary Intervention" (NDI) files) (collectively hereinafter referred to as "Log Files"), or by internal Chicago Police Department "Summary Punishment Action Requests" (SPARs). The parties reserve the right to seek greater protection of information or documents designated as Confidential Information through Court intervention or by agreement of the parties.

3. <u>Designation</u>.

(a) A party shall only designate documents, or portions of documents, for protection under this Order to the extent necessary to protect Confidential Information. A party may designate a document or other material that is produced in electronic format as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on each page of the document containing Confidential Information or other material and on all copies in a manner that will not interfere with the legibility

2

of the document or other material. A party may designate a document or other material that is produced in hard copy format and which is securely stapled or otherwise bound as Confidential Information for protection under this Order by placing or affixing on the first page of the document or other material the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in a manner that will not interfere with the legibility of the document or other material. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Electronic media (such as CDs and DVDs) shall, at the time of production, be designated by affixing a label to such media. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document, or a portion of a document, does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents, or portions of any documents, marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that pages, indices, electronic databases, or lists of documents that do not contain the substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information shall not be marked.

        (b)     The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order. By designating documents, or portions of documents, as confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

4. <u>Depositions</u>. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court. Otherwise, a party may, on the record at the time of specific questions during a deposition, designate the question and answer(s) as being or containing Confidential Information subject to the terms of this Order. Only those portions identified and designated as containing Confidential Information during the deposition shall be protected by the terms of this Order.

5. <u>Protection of Confidential Material</u>.

    (a) <u>General Protections</u>. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof, except as the parties may agree in writing, or unless successfully challenged as provided in paragraph 10, or unless otherwise required by court order or law.

    (b) <u>Limited Third-Party Disclosures</u>. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

4

(1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including, but not limited to, outside vendors hired to process electronically stored documents, copying services, litigation support services, graphics and design services, and document review and handling services;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions solely in connection with review of the transcripts, and must return all copies after their review. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) <u>Control of Documents</u>. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case, and shall serve it on counsel upon request.

6. <u>Inadvertent Failure to Designate.</u> An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. <u>Federal Rule of Evidence 502 Privilege Protections</u>. The parties do not intend to disclose information that is subject to attorney-client privilege, work product protection, or any other privilege or protection. Pursuant to Federal Rule of Evidence 502(d) and (e), the parties agree to and the Court orders protection of privileged or otherwise protected information against claims of waiver, including as against third parties and in other federal and state proceedings. If a party discovers that it has inadvertently disclosed such privileged or otherwise protected information to another party, that party shall promptly notify the other parties in a writing that

identifies the inadvertently disclosed information and produce a log pursuant to Federal Rule of Civil Procedure 26(b)(5)(A) that reflects the privileged or otherwise protected information inadvertently disclosed. The parties shall cooperate with each other in good faith to protect the privileged or otherwise protected information from further disclosure, including the return or destruction of the inadvertently disclosed information, and otherwise comply with the provisions of Federal Rule of Civil 26(b)(5)(B) and Federal Rule of Evidence 502. With respect to inadvertent disclosure of privileged or otherwise protected information, this Order encompasses documents or other materials that reflect the inadvertently disclosed information that the party who received the inadvertently disclosed information may have created.

8. <u>Filing of Confidential Information</u>. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

9. <u>No Greater Protection of Specific Documents</u>. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10. <u>Challenges by a Party to Designation as Confidential Information</u>. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

    (a) <u>Meet and Confer</u>. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for

7

its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) <u>Judicial Intervention</u>. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

11. <u>Action by the Court</u>. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12. <u>Use of Confidential Information at Trial</u>. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present, or that anticipates that another party may present, Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

13. <u>Confidential Information Subpoenaed or Ordered Produced in Other Litigation</u>.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

(d) Materials that have been designated as Confidential Information shall not be provided or disclosed to any third party in response to a request under the Illinois Freedom of Information Act ("FOIA"), or any similar federal, state, or municipal law (collectively, the "Public Disclosure Laws"), and are exempt from disclosure pursuant to, *inter alia*, 5 ILCS 140/7(1)(a), and may also be exempt from other FOIA provisions. If the City receives such a request, it shall (i) provide a copy of this Order to the requesting party and inform it that the requested materials

are exempt from disclosure and that the City is barred by this Order from disclosing them, and (ii) promptly inform the designating party that the request has been made, identifying the name of the requesting party and the particular materials sought. The restrictions in this paragraph shall not apply to materials that (i) the designating party expressly consents in writing to disclosure; or (ii) this Court has determined by court order to have been improperly designated as Confidential Information. The provisions of this section shall apply to any entity in receipt of Confidential Information governed by this Order. Nothing in this Order shall be deemed to (1) foreclose any party from arguing documents produced for discovery are not a public record for purposes of the Public Disclosure Laws or (2) limit any arguments that a party may make as to why documents are exempt from disclosure.

14. <u>Challenges by Members of the Public to Sealing Orders</u>. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

15. <u>Obligations on Conclusion of Litigation</u>.

    (a) <u>Order Continues in Force</u>. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    (b) <u>Obligations at Conclusion of Litigation</u>. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the

parties agree to destruction to the extent practicable in lieu of return and allowable by law[1]; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Except, however, that nothing in this paragraph shall modify the City's obligation under the Illinois Local Records Act, 50 ILCS 205/1, *et. seq.*

(c) <u>Retention of Work Product and one set of Filed Documents</u>. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) <u>Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System</u>. Filings under seal shall be deleted from the ECF system only upon order of the Court.

16. <u>Order Subject to Modification</u>. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17. <u>No Prior Judicial Determination</u>. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall

---

[1] The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate, and return e-mails (including attachments to emails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. <u>Person Bound</u>. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to the Order by its terms.

19. <u>Redaction of Personal Identifying Information</u>. Notwithstanding the foregoing provisions, the responding party shall have the right to redact from all documents produced in discovery social security numbers, dates of birth, and information covered by the Juvenile Court Act, as well as, for security reasons, all references to a current or former individual police officer's confidential information about him/herself and his/her family, including but not limited to, social security number, home address, home and cellular telephone number(s), personal email address(es), the names of family members and the names of insurance beneficiaries.

20. <u>Public Disclosure of Documents Designated "Confidential</u>**."** This Order prohibits the disclosure of any document designated as a "confidential" subject to the limitations of Section 5(b). Any party or counsel seeking to use or disclose confidential information for any reason other than for purposes of this litigation, including for public disclosure, will not use the documents designated as "Confidential" but shall instead comply with the requirements set forth under the Illinois Freedom of Information Act ("IFOIA"), 5 ILCS 140/et., to obtain the desired documents from the proper public body.

So Ordered.

Dated: February 20, 2020

_____
Magistrate Judge Sunil R. Harjani

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CITY OF CHICAGO,** | ) |
| **Plaintiff,** | ) |
| | ) **Case No. 1:19-cv-04547** |
| v. | ) |
| | ) **Honorable Virginia M. Kendall** |
| **JUSSIE SMOLLETT,** | ) **Magistrate Judge Sunil R. Harjani** |
| **Defendant.** | ) |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date:_____  _____
                                                                 Signature