IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| CITY OF CHICAGO, | ) )  ) |
| Plaintiff, | ) ) Case No. 1:19-cv-04547 |
| v. | )  )  Honorable Virginia M. Kendall |
| JUSSIE SMOLLETT, | )  )  Magistrate Judge Sunil Harjani |
| Defendant. | ) |

**CITY OF CHICAGO'S MOTION TO COMPEL THE FEDERAL BUREAU OF
INVESTIGATION TO COMPLY WITH ITS DOCUMENT SUBPOENA**

NOW COMES Plaintiff City of Chicago (the "City"), by and through undersigned counsel, to move this Court for an order compelling the Federal Bureau of Investigation ("FBI") to comply with a document subpoena ("Subpoena") for federal investigative materials ("Materials") related to Jussie Smollett pursuant to Federal Rule of Civil Procedure 45. In support of this motion, the City Defendants state as follows:

1. The FBI and the United States Attorney's Office for the Northern District of Illinois have declined to produce the Materials because they claim that disclosing the Materials would impair the effectiveness of the FBI's investigation and violate grand jury secrecy. While the City recognizes the importance of grand jury secrecy and criminal investigations, given the specific facts in this case, the Court should compel production of the Materials.

2. The Materials are highly relevant to the City's case against Smollett. The City alleges that Smollett orchestrated a fake racist and homophobic assault against himself. The Materials relate to the FBI's investigation of a racist and homophobic letter and a threatening

phone call that Smollett received days before his attack, as well as the attack itself. The Materials thus bear directly on the primary question in this case—whether or not Smollett faked his attack.

3. Weighed against this vital relevance, the FBI's objections do not support withholding the Materials. Federal Rule of Criminal Procedure 6(e) and the Supreme Court both expressly allow disclosure of grand jury materials in connection with a judicial proceeding where, as here, the materials sought are necessary to avoid an injustice and the need for disclosure outweighs the need for grand jury secrecy. In this case, it would be fundamentally unjust and against the public interest for the City—which is the first government agency scheduled to take sworn testimony from Smollett and other key witnesses—to be without access to Materials that Smollett himself has received from the Office of the Special Prosecutor as part of Smollett's criminal case.

4. Smollett should not have an informational advantage merely because he is a criminal defendant in a parallel case. And given the media scrutiny, multiple indictments, and public disclosure of key facts, the need for grand jury secrecy in this case is uniquely minimal. The Court should order disclosure of the Materials so the City can fairly litigate its case and ensure that justice is served.

WHEREFORE, and for the reasons stated in the City's Memorandum in Support of its Motion to Compel, the Court should compel the FBI to comply with the City's Subpoena.

Dated: September 9, 2020    Respectfully submitted,

/s/ Elie T. Zenner
Renai S. Rodney
Jennifer K. Bagby
Elie T. Zenner
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, IL 60602

312-744-0200
renai.rodney@cityofchicago.org
elie.zenner@cityofchicago.org

*Attorneys for Plaintiff City of Chicago*

**CERTIFICATE OF SERVICE**

I certify that on September 9, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois using the Court's CM/ECF system, which will automatically send notification of this filing to all counsel of record.

/s/ Elie T. Zenner