IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation, | |
| Plaintiff, | Case No. 1:19-cv-04547-VMK |
| v. | Honorable Virginia M. Kendall |
| JUSSIE SMOLLETT, an individual, | |
| Defendant. | |

**UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING CRIMINAL TRIAL**

Defendant, Jussie Smollett ("Mr. Smollett"), by and through his attorneys, The Quinlan Law Firm, LLC, hereby moves this Honorable Court to stay the proceedings of this matter pending the resolution of parallel criminal proceedings against Mr. Smollett. In support thereof, Mr. Smollett states as follows:

**INTRODUCTION**

1. Due to ongoing criminal proceedings—which began on February 11, 2020, and concern the same subject as this case—if discovery is not stayed in the present civil action, Mr. Smollett will face a Hobson's choice of raising the privilege of the Fifth Amendment to resist civil discovery to protect against potential criminal implication, while simultaneously hobbling himself from later raising that evidence in his defense in the civil proceedings.

2. The factors guiding the decision of whether to stay this civil action pending resolution of the criminal proceedings amply support the stay. In particular, the civil and criminal matters involve the same subject matter, the City does not oppose granting the stay, and Mr.

1

Smollett will be substantially burdened by deposition discovery in this case if the stay is denied. Accordingly, this case should be stayed pending the resolution of the criminal proceedings.

## BACKGROUND

3. Plaintiff City of Chicago (the "City") commenced the present action in the Circuit Court of Cook County, Illinois, Law Division, on April 11, 2019, styled *City of Chicago v. Smollett*, No. 2019L003898 (the "State Court Action").

4. On July 3, 2019, Mr. Smollett removed the State Court Action to this Court. ECF No. 1. Since that date, this case has proceeded with motion practice and discovery.

5. On August 23, 2019, Cook County Circuit Court Judge Michael P. Toomin appointed Dan K. Webb as Special Prosecutor to conduct an "all-encompassing independent investigation to determine" "(1) whether Jussie Smollett should be further prosecuted for the alleged false reports he made to [Chicago Police Department] officers, and (2) whether any person or office involved in the Initial Smollett Case engaged in any wrongdoing." (*See* Information Release, *Special Prosecutor Dan K. Webb of Winston & Strawn Concludes Investigation into the Cook County State's Attorney's Office and Chicago Police Department's Handling of the Jussie Smollett Case* (Aug. 17, 2020), *available at* https://www.courthousenews.com/wp-content/uploads/2020/08/webb-smollett.pdf ("Information Release").

6. On February 11, 2020, the Special Grand Jury of the Circuit Court of Cook County issued a criminal indictment, charging Mr. Smollett with six counts of disorderly conduct involving the same facts and circumstances as the present civil action. *See People v. Smollett*, Circuit Court of Cook County, Criminal Division, Case. No. CR 03050-01.

7. Mr. Smollett's counsel in these proceedings also are among his counsel in the criminal proceedings, Case No. CR 03050-01.

8. Although the parties anticipated a speedy resolution of the criminal proceedings, the COVID-19 pandemic, criminal discovery, and pre-trial motions have delayed progress in the criminal proceedings.

9. From March to September 2020 the Office of Special Prosecutor ("OSP") has made several productions of documents to the accused pursuant to its obligations, totaling a terabyte of data.

10. In addition, the parties to the criminal proceedings have been engaged in pre-trial motion practice. As of this writing, the OSP is due to respond to a pending motion on October 1, 2020, which is set for argument on October 14. At that time, the pre-trial portion of the criminal proceedings should be substantially complete.

11. As the OSP recently noted, "[t]he further prosecution of Mr. Smollett is ongoing, and will not be concluded until a final disposition of the indictment charges is reached as the result of a jury trial"; "Mr. Smollett's trial date has not yet been set by the court." (*See* Information Release, at 1.)

12. In addition to the criminal discovery and motion practice, the COVID-19 pandemic has unpredictably stymied the trial of the criminal matter—all hearings in that matter since March 2020 have occurred via Zoom, and the trial date in that matter remains undetermined.

13. While the City and the OSP are not the same party, the City has been and will be participating in the criminal proceedings, including trial, at least to the extent that Chicago Police Department personnel are most likely witnesses for both this case and the criminal proceedings and have been involved in both investigations.

14. On August 5, 2020, Mr. Smollett noticed the depositions of Olabinjo and Abimbola Osundairo for August 10, 2020 and August 12, 2020. On August 7, 2020, the City noticed the deposition of Mr. Smollett for August 27, 2020.

15. Under the Court's Minute Entry dated August 13, 2020, the end of fact discovery in the present matter was extended and ordered closed by October 2, 2020. (ECF No. 68.)

16. Since August 13, 2020, the City noticed two additional depositions, and Mr. Smollett noticed twenty depositions of Chicago Police Department personnel and four additional witness depositions.

17. Due to the posture of the criminal proceeding, Mr. Smollett informed the City that he seeks to postpone appearing for his deposition while the criminal proceeding is pending.

18. The City responded that it wanted to move forward with all depositions including Mr. Smollett's. The City stated that it was not willing to delay Mr. Smollett's deposition and allow all the other scheduled depositions to move forward because the City should not be forced to present witnesses for deposition creating possible impeachment evidence in the criminal case, while Mr. Smollett avoids providing testimony. Accordingly, the City indicated that if Mr. Smollett objected to being deposed, he should move to stay these proceedings.

## ARGUMENT

19. "Determination of whether to grant a stay due to parallel criminal litigation involves balancing the interests of the plaintiff, the defendants, and the public. The factors considered include the following non-exclusive list: [1] whether the civil and criminal matters involve the same subject; [2] whether the governmental entity that has initiated the criminal case or investigation is also a party in the civil case; [3] the posture of the criminal proceeding; [4] the effect of granting or denying a stay on the public interest; [5] the interest of the civil-case plaintiff in proceeding expeditiously, and the potential prejudice the plaintiff may suffer from a delay; [6] and the burden that any particular aspect of the civil case may impose on defendants if a stay is denied." *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008) (Kennelly, J.).

4

20.     The critical factor favoring a stay in this matter is that a grand jury returned a criminal indictment against Mr. Smollett concerning the same facts and circumstances as the present civil matter. *But see In re Garcia*, 569 B.R. 480, 494 (Bankr. N.D. Ill. 2017) (denying the debtor's motion to stay without prejudice on basis that the debtor had not been indicted in any criminal proceeding and allowing debtor to again move for stay if the debtor was later indicted).

21.     As to the second factor, here the City initiated the civil proceedings against Mr. Smollett, and while the City is a governmental entity, the OSP is the governmental entity prosecuting Mr. Smollett. "If the governmental entity that initiated the parallel criminal prosecution or investigation is a party in the civil case, there is a concern that it may use the civil discovery process to circumvent limitations on discovery in criminal proceedings." *Chagolla*, 529 F. Supp. 2d at 946. Nevertheless, if the stay is not granted, the City could use the civil discovery process to circumvent the limitations on discovery in criminal proceedings and aid the OSP due to aligned interests. Likewise, from the City's point of view, Mr. Smollett could use the civil discovery in his defense in the criminal case. Given how the facts of the civil and criminal cases are intertwined it is more than likely that the City will call many of the same witnesses in this case as the OSP will in the criminal proceedings.

22.     The third factor, the posture of the criminal proceeding, supports a stay even though the criminal proceedings have not yet been set for trial. *See Chagolla*, 529 F. Supp. 2d at 946 ("On the other hand, the fact that some of the defendants face pending criminal charges weighs somewhat in favor of a stay, though perhaps not significantly, due to the likelihood of significant delay before the charges reach final disposition.") (granting stay of civil proceedings despite no trial date being set for related criminal proceedings).

23.     As to the fourth factor, while a stay will implicate the public interest by impairing the prompt disposition of civil litigation, "the public has an interest in ensuring that the criminal

5

process can proceed untainted by civil litigation. The possibility that the orderly progress of the criminal cases and investigations-particularly those involving the exact same incidents at issue in the present case-will be hindered by issues that could arise from ongoing civil discovery is significant enough to be worthy of consideration." *Chagolla*, 529 F. Supp. 2d at 946–47. Therefore, there is a public interest ultimately weighing in favor of a stay.

24. For the fifth factor, the plaintiff's interest in expeditious resolution, counsel for Mr. Smollett conferred with counsel for the City, and the City represented it wanted to move forward with all depositions, including Mr. Smollett's. The City stated, however, that if Mr. Smollett's position is to postpone his deposition until the conclusion of the criminal trial while other depositions moved forward, including those of City witnesses likely to testify in the criminal trial, then he should move to stay the civil proceedings. Accordingly, the City does not oppose the present motion to stay in this matter, and the fifth factor does not weigh against a stay. Furthermore, the outcome of the criminal proceedings may facilitate a more efficient resolution of this case for all parties and the Court.

25. Finally, the sixth factor weighs in favor of a stay because "[a] civil defendant in this situation who is effectively backed into a corner in which he has no viable choice but to claim the privilege is forced to face a significant risk of unfair prejudice that may be virtually impossible to remedy. This is, in the Court's view, a factor weighing in favor of a stay." *Chagolla*, 529 F. Supp. 2d at 947; *see also Cruz v. City of Chicago*, No. 08 C 2087, 2011 WL 613561, at *1 (N.D. Ill. Feb. 15, 2011) (Dow, J.) (explaining the court granted a defendant's motion to stay proceedings in light of a criminal action "to ensure that [he] would not be forced to make a decision concerning his Fifth Amendment privilege while the stay was in place.") (citations omitted).

## CONCLUSION

WHEREFORE, Defendant Jussie Smollett, respectfully requests that the Court stay the present civil action, Case No. 1:19-cv-04547-VMK, until the conclusion of the related criminal trial, *People v. Smollett*, Circuit Court of Cook County, Criminal Case. No. CR 03050-01.

| | |
|---|---|
| Respectfully Submitted on September 17, 2020. | THE QUINLAN LAW FIRM, LLC |
| | |
| | /s/ David Hutchinson |
| | William J. Quinlan |
| | David E. Hutchinson |
| | THE QUINLAN LAW FIRM, LLC |
| | 233 South Wacker Drive, Suite 6142 |
| | Chicago, Illinois 60606 |
| | (312) 883-5500 |
| | wjq@quinlanfirm.com |
| | dhutchinson@quinlanfirm.com |
| | |
| | *Attorneys for Defendant Jussie Smollett* |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants in this case.

/s/ Nicole M. Griesbach