IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation, <br><br> Plaintiff, <br><br> v. <br><br> JUSSIE SMOLLETT, an individual, <br><br> Defendant. | Case No. 1:19-cv-04547 <br><br> Honorable Virginia M. Kendall <br><br> Magistrate Judge Sunil R. Harjani |

**RESPONSE TO THE CITY OF CHICAGO'S MOTION TO COMPEL THE FEDERAL BUREAU OF INVESTIGATION TO COMPLY WITH ITS DOCUMENT SUBPOENA**

Defendant Jussie Smollett, by and through his attorneys, The Quinlan Law Firm LLC, hereby respectfully submits this response in opposition to the Plaintiff City of Chicago's Motion to Compel the Federal Bureau of Investigation to Comply with Its Document Subpoena and Memorandum of Law in Support (ECF Nos. 119-120), and states as follows:

**INTRODUCTION**

The City's motion relies on two false predicates: (1) that the materials sought are "highly relevant," "vital," or "necessary" to the City's case (*see* ECF No. 119, ¶¶ 2-3); and (2) that the materials sought give Mr. Smollett "an informational advantage" in this case (*see id.* ¶ 4). *First*, the City has previously taken the position that the relevant facts for this case are all contained in the Chicago Police Department's investigative files, and so its effort to compel production of documents from the FBI should be rejected for the fishing expedition that it is. *Second*, there is no indication that the materials sought can or would be used in these proceedings by Mr. Smollett, due to the constraints of Illinois Supreme Court Rule 415(c) and the protective order in the criminal proceedings, and so the City's argument regarding informational asymmetry and potential surprise is a specious red herring. For these reasons, in addition to the reasons set forth in the United States'

1

Response to City of Chicago's Motion to Compel the FBI to Comply with Its Document Subpoena (ECF No. 125), the City's motion should be denied.

## ARGUMENT

### I. The Federal Materials Sought Lack Relevance to the City's Claims, Even if Mr. Smollett Could Use the Materials in This Litigation.

The City asserts the January 22 letter appears to be "directly related to the attack" because the letter included a noose strikingly similar to that used in the attack." (ECF No. 120, at 5.) The defense represents that the January 22 letter contains a crude drawing of an individual in red with an apparent noose around the neck and a gun pointed at the head. By the City's logic, any threat or attack involving some depiction or use of a noose would be "strikingly similar" and thus a basis to discover materials in this case that are essentially only sought for purposes of Rule 404(b). That cannot be right. The City's case does not rely upon or allege anything regarding the origin of the letter, so the investigation is not relevant. (*See* Compl. ¶ 10.) This case concerns whether Mr. Smollett made false statements to the police after he was attacked on January 29, 2019, not what the FBI investigated regarding a letter sent to Fox studios one week earlier.

The City's case law in support of its relevance argument are inapposite. First, the City relies on *United States v. Ferrell*, No. 11-CR-595, 2013 WL 2636108 (N.D. Ill. June 12, 2013), for the proposition that admissions of contemporaneous similar bad acts would be admissible under Rule 404(b). (ECF No. 120, at 5-6.) In *Ferrell*, the government sought to elicit testimony from a doctor, and the proposed testimony from that doctor were alleged admissions to the Medicare fraud at issue in the case. *Id.* at *1, 9. The court noted that those admissions would show that the defendant had knowledge of the alleged scheme, intent to defraud, and motive to commit fraud. *Id.* at *9. Here, by contrast, the City admittedly does not know what evidence the FBI possesses for its ongoing investigation, but rather it supposes that "if" certain information exists "that information would be key evidence." (ECF No. 120, at 5.)

2

The City similarly overreaches with its reliance on *DeLeon-Reyes v. Guevara*, No. 1:18-CV-01028, 2020 WL 1429521 (N.D. Ill. Mar. 18, 2020). Again speculating, the City suggests that if there is evidence of misconduct, then under the court's decision in *DeLeon-Reyes*, Rule 404(b) evidence would be relevant for impeachment purposes. (ECF No. 120, at 6 (citing *DeLeon-Reyes* for the proposition that "if defendants claim they never engaged in misconduct, '404(b) evidence [would be] relevant for impeachment purposes'").) This both obfuscates the court's reasoning in *DeLeon-Reyes* and ignores the relevant issues in this case. First, in *DeLeon-Reyes*, the court explained that the defendants "could argue that they have never engaged in the type of misconduct *alleged in this case*, which could make the Rule 404(b) evidence relevant for impeachment purposes." 2020 WL 1429521, at *4 (emphasis added). Second, as this Court has previously recognized, the alleged misconduct in this case is whether Mr. Smollett violated two municipal ordinances by allegedly lying to the police after the attack on January 29, 2019. (*See* ECF No. 109 ("The jury will be required to evaluate the *evidence of the Smollett attack*, and determine whether it was real or staged based on the evidence uncovered *about the incident*. That, in turn, will determine if Smollett lied or was telling the truth.") (emphasis added).) In addition, the City has previously taken the position that the evidence of its claims are the police investigative files, which have already been produced, which further shows that its motion to compel is simply a fishing expedition. (*See* ECF No. 98, at 8 ("The evidence of [whether Smollett faked a hate crime against himself and wrongly induced the CPD to investigate that claim] has already been produced, and witnesses to the investigation may be deposed.").)

In sum, the City's motion seeks to access materials for an ongoing federal investigation that the City only describes as concerning a threatening letter received at Fox production studios in Chicago on January 22, 2019. (ECF No. 120, at 2-3.) Those materials do not bear on whether Mr. Smollett lied to police after he was attacked on January 29, 2019. And considering that the City has taken the position that the evidence for its claim has already been produced, the further discovery sought from the FBI is not "vital," "necessary," or proportional to the needs of this case.

3

**II.      The City's Does Not Need the Materials to Avoid Injustice and Surprise, Due to the Illinois Supreme Court Rules and the Recently Filed Unopposed Motion to Stay Proceedings Pending the Criminal Trial (ECF No. 122).**

The City also argues that the Court should compel the production of the FBI materials to avoid injustice and surprise, which is largely based on the assumption that this case will proceed before the criminal case pending against Mr. Smollett. (*See* ECF No. 120, at 8-9.) While the argument may hold some superficial appeal, it is misplaced and incorrect. First, under Illinois Supreme Court Rule 415(c) and the protective order in the criminal case, the materials disclosed to Mr. Smollett's counsel in that matter are not free to be used in this litigation, whether to surprise the City or otherwise. Second, while the City argues that its case is proceeding, "making the City the first government agency scheduled to take sworn testimony from Smollett and other key witnesses" (ECF No. 120, at 7), there is now a pending Unopposed Motion to Stay Proceedings Pending the Criminal Trial (ECF No. 122).

Under Rule 415(c): "Any materials furnished to an attorney pursuant to these rules shall remain in his exclusive custody and be *used only for the purposes of conducting his side of the case*, and shall be subject to such other terms and conditions as the court may provide." Ill. Sup. Ct. R. 415(c) (emphasis added). Any federal materials provided to Mr. Smollett's attorneys in the criminal case may only be used for purposes of Mr. Smollett's defense in that case under Rule 415(c). Also, the protective order entered in the pending criminal case further limits any further disclosure of any materials designated "Highly Confidential" except by express order of the Honorable James B. Linn, Circuit Court of Cook County, Criminal Division. That "Highly Confidential" designation specifically applies to the federal materials sought in the City's motion to compel. Consequently, the City is incorrect to suggest that Mr. Smollett may use any such information to use to his advantage or "to surprise the City in this litigation." (ECF No. 120, at 8.)

In addition, the City repeatedly asserts that it needs the materials in the interest of justice and the public interest as "the first government agency" to take testimony from witnesses regarding the attack on Mr. Smollett (*see id.* at 2, 7, 11), which is likely untrue in light of the pending

4

Unopposed Motion to Stay Proceedings Pending Criminal Trial (ECF No. 122). Shortly before the City filed its motion to compel, counsel for the parties conferred and the City's counsel represented that if Mr. Smollett objected to sitting for deposition until after his criminal case then the City objected to any depositions proceeding until the criminal case is concluded. Mr. Smollett's counsel responded that they would prepare the motion to stay proceedings, which, by request, the City's counsel reviewed multiple times, including providing edits, prior to filing. Accordingly, the City's professed need for the federal materials at this time is disingenuous and unlikely.

## CONCLUSION

WHEREFORE, Mr. Smollett respectfully requests that the Court deny Plaintiff City of Chicago's Motion to Compel the Federal Bureau of Investigation to Comply with Its Document Subpoena (ECF No. 119).

Date: September 18, 2020

Respectfully submitted,

/s/ David E. Hutchinson
William J. Quinlan
David E. Hutchinson
THE QUINLAN LAW FIRM, LLC
233 South Wacker Drive, 61st Floor
Chicago, Illinois 60606
(312) 883-5500
wjq@quinlanfirm.com
dhutchinson@quinlanfirm.com

*Attorneys for Defendant Jussie Smollett*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants in this case.

                                                             /s/ Nicole Griesbach