IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, </br></br>Plaintiff, </br></br>v. </br></br>JUSSIE SMOLLETT, </br></br>Defendant. | Case No. 1:19-cv-04547 </br></br>Honorable Virginia M. Kendall </br></br>Magistrate Judge Sunil R. Harjani |

### THE CITY'S REPLY TO UNITED STATES' OPPOSITION TO THE CITY'S MOTION TO COMPEL THE FBI TO COMPLY WITH ITS DOCUMENT SUBPOENA

Plaintiff City of Chicago (the "City") has moved to compel the Federal Bureau of Investigation ("FBI") to comply with a document subpoena ("Subpoena") for federal investigative materials ("Materials") related to Defendant Jussie Smollett. In response, the FBI does not dispute that the Materials are relevant. Instead, it opposes the City's motion for two reasons: (1) the FBI claims that the Materials relate to an ongoing investigation and are thus protected by the law enforcement investigatory privilege; and (2) any litigation relating to the grand jury materials should be referred to Chief Judge Pallmeyer. The City does not object to the referral of the portion of its motion seeking grand jury materials to Chief Judge Pallmeyer. The FBI's law enforcement investigatory privilege argument, however, is not convincing.

As the City explained in its opening brief, the party invoking the privilege must satisfy a "threshold procedural requirement" of "lodg[ing] a formal claim of privilege," "specifying with particularity the information for which protection is sought" and "explain[ing] why the information falls within the scope of the privilege." *Lewis v. City of Chi.*, No. 04 C 3904, 2004 WL 2608302, at *2 (N.D. Ill. Nov. 16, 2004). The FBI's formal response to the City's Subpoena failed to make

1

this required showing, merely stating that disclosing the Materials would "reveal information acquired as part of an ongoing criminal investigation" and "impair the effectiveness of investigatory records and techniques." (FBI's Resp. to City's Subpoena.) The FBI's response to the City's motion fares no better, stating only that the Materials "relate to an ongoing federal investigation" and that the government "has a legitimate interest" in their confidentiality. (FBI Resp. to City's Mot. 5.) These vague statements fail to meet the "threshold procedural requirement" of "specifying with particularity" why the Materials must remain confidential, and for this reason alone, the Court should reject the FBI's investigatory privilege claim. *Lewis*, 2004 WL 2608302 (rejecting investigatory privilege for failure to satisfy threshold requirement); *Hernandez v. Longini*, No. 96 C 6203, 1997 WL 754041, at *4 (N.D. Ill. Nov. 13, 1997) (same).

Even if the FBI had met the threshold requirement, the City would still be entitled to the Materials because, as the FBI concedes (*see* FBI Resp. to City's Mot. n. 1), a party can overcome the privilege if its "need for the information outweighs the harm" to law enforcement. *Rodriguez v. City of Chi.*, 329 F.R.D. 182, 189 (N.D. Ill. 2019). That standard is satisfied here. The FBI does not dispute the City's showing that the City needs these highly relevant Materials, which Smollett already possesses, to fairly litigate this case. Moreover, the harm to the FBI is minimal—no novel law enforcement techniques are at issue, the existence of the FBI investigation and the key witnesses are known to the public, and Smollett not only has already been indicted, but he also already possesses the Materials. In response, the FBI fails to explain how its investigation would be harmed by disclosure, stating only that its investigation is "ongoing" and thus it has a "legitimate interest in preserving the confidentiality" of the Materials. (FBI Resp. to City's Mot. 5.) But, even if an investigation is "ongoing," a party can still access investigative materials where, as here, the need is great and law enforcement has not demonstrated any need for secrecy. *See,*

*e.g.*, *Capitol Indem. Corp. v. First Minn. Const. Co.*, 405 F. Supp. 929, 931 (D. Mass. 1975); *Oracle Corp. v. SAP AG*, 566 F. Supp. 2d 1010, 1013 (N.D. Cal. 2008).

For the aforementioned reasons, the law enforcement privilege does not apply, and the Court should grant the City's motion to compel.

Dated: September 25, 2020          Respectfully submitted,

/s/ Elie T. Zenner
Renai S. Rodney
Jennifer K. Bagby
Elie T. Zenner
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, IL 60602
312-744-0200
renai.rodney@cityofchicago.org
jennifer.bagby@cityofchicago.org
elie.zenner@cityofchicago.org

*Attorneys for Plaintiff City of Chicago*

## CERTIFICATE OF SERVICE

I certify that on September 25, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois using the Court's CM/ECF system, which will automatically send notification of this filing to all counsel of record.

/s/ Elie T. Zenner