IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 1:19-cv-04547 <br> ) <br> ) Honorable Virginia M. Kendall |
| JUSSIE SMOLLETT, | ) <br> ) |
| Defendant. | ) |

**JOINT MOTION TO STAY**

Plaintiff City of Chicago and Defendant Jussie Smollett jointly request that the Court stay this case and set a status hearing in approximately four months.

1. The City filed this lawsuit in February 2019, alleging that Mr. Smollett falsely reported to the Chicago Police Department ("CPD") that he was the victim of a racist and homophobic attack.

2. In February 2020, a grand jury indicted Mr. Smollett on six counts of disorderly conduct based on the false-reporting allegations at issue in the City's case. *See* Decl. of Stephen Kane ("Kane Dec."), Ex. A.

3. In September 2020, this Court granted Mr. Smollett's motion to stay this case pending resolution of the criminal proceedings in state court. ECF 130.

4. In December 2021, a jury found Mr. Smollett guilty on five counts. *See* Kane Dec., Ex. B.

5. In February 2022, this Court ordered that this case remain stayed until March 11, 2022, the day after Mr. Smollett's sentencing. ECF 156.

1

6. On March 10, 2022, the state court sentenced Mr. Smollett. The court ordered Mr. Smollett to, among other things, pay $120,106 in restitution to the City. *See* Kane Dec., Ex. C.

7. Mr. Smollett has appealed the criminal judgment. *See id.*, Ex. D. It is therefore the City's position that the City cannot dismiss this case now. Instead, the parties request that the Court stay this case and set a status hearing in approximately four months.

8. In determining whether to stay a case under the Court's "inherent authority," the Court considers: "'(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the court.'" *Kinzy v. Howard & Howard, PLLC*, 2017 WL 168480, at *6 (N.D. Ill. Jan. 17, 2017) (Kendall, J.). Neither party believes that a stay would be unfairly prejudicial or tactically disadvantageous. Moreover, a stay will simplify the issues and reduce the burden of litigation because the Illinois Appellate Court will resolve Mr. Smollett's challenge to the jury's determination that he submitted false police reports. Indeed, it is the City's position that this case will end if the state trial court's judgment is affirmed and satisfied.

9. In addition, the City maintains that the state court's judgment—once final—collaterally estops Mr. Smollett from arguing that his police reports were accurate. *See, e.g.*, *Enadeghe v. Dahms*, 95 N.E.3d 1170, 1175-76 (Ill. App. Ct. 2017) (criminal judgment collaterally estopped defendant from re-litigating issue in civil case). For purposes of applying collateral estoppel, however, "finality requires that the potential for appellate review must have been exhausted." *In re A.W.*, 896 N.E.2d 316, 321 (Ill. 2008). The Seventh Circuit has stated that under these circumstances, the "prudent course" is to stay the federal litigation pending resolution of the state-court appeal. *Rogers v. Desiderio*, 58 F.3d 299, 301 (7th Cir. 1995). Following *Rogers*, "the

prevailing practice in this district is to stay consideration of federal actions where appeals are pending in a state action with possible res judicata effect." *Loventhal v. Select Portfolio Servicing, Inc.*, 2019 WL 2435851, at *2 (N.D. Ill. June 11, 2019); *accord*, *e.g.*, *Mandelstein v. Rukin*, 2018 WL 4384383, at *5 (N.D. Ill. Sept. 14, 2018). That practice makes sense here because this case is still at an early stage; the Illinois Appellate Court will resolve the liability question at issue here; and this action will terminate if the state court's judgment is affirmed and satisfied.

10. Mr. Smollett disputes the applicability of collateral estoppel in this case and does not waive any arguments as part of this joint motion.

## CONCLUSION

The parties jointly request that the Court stay this case and set a status hearing in approximately four months.

Dated: March 23, 2022

Respectfully submitted,

By: /s/ Stephen J. Kane
Stephen J. Kane
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, IL 60602
312-744-6934
stephen.kane@cityofchicago.org

*Attorney for Plaintiff City of Chicago*

/s/ Eric T. Schmitt
Eric T. Schmitt
The Quinlan Law Firm
233 South Wacker Drive, 61st Floor
Chicago, IL 60606
312-212-8211
eschmitt@quinlanfirm.com

*Attorney for Defendant Jussie Smollett*

**CERTIFICATE OF SERVICE**

    I certify that on March 23, 2022, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois using the Court's CM/ECF system, which will automatically send notification of this filing to all counsel of record.

                                                          /s/ Stephen J. Kane